IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL RODRIGUEZ MUNIZ,

    Petitioner,                        No. CIV S-11-2050 DAD P

    vs.

MATTHEW CATE,                       ORDER AND

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

The Ninth Circuit has held that a district court may dismiss <u>sua sponte</u> a habeas petition on the grounds that it is untimely under the applicable statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042 (9th Cir. 2001). These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable on-year statute of limitations or is eligible for statutory or equitable tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

## BACKGROUND

Petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his July 26, 2005, judgment of conviction for lewd and lascivious acts with a child under the age of fourteen upon which the Sacramento County Superior Court sentenced him to fifteen years to life in state prison. Petitioner's sole federal habeas claim is that he did not receive effective assistance of counsel. Specifically, according to the petitioner, his retained attorney failed to file a notice of appeal on his behalf following his conviction. (Pet. at 5.)

## ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

/////

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

On July 26, 2005, petitioner was convicted in the Sacramento County Superior Court of two counts of lewd and lascivious acts with a child under the age of fourteen.  Petitioner did not appeal from that judgment of conviction.

For purposes of federal habeas review, petitioner's conviction became final on September 24, 2005, when the sixty-day period for filing a direct appeal expired.  See Cal. Rules of Court, Rule 8.308.  The AEDPA one-year statute of limitations period began to run the following day, on September 25, 2005, until it expired one year later on September 24, 2006.

/////

1 Petitioner did not file his federal habeas petition with this court until August 2, 2011.
2 Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is
3 entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

According to the pending petition as well as the California courts' website for case information, petitioner filed a petition for writ of habeas corpus as well as other post-conviction petitions for relief in the California Supreme Court and the California Court of Appeal challenging his 2005 conviction. However, he did not file his first such petition with any state court until January 25, 2008, long after the statute of limitations for the filing of a federal habeas petition had expired. (Pet. at 2-3 & Ex. G.) "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.[1]

/////

---

[1] No grounds justifying the equitable tolling of the statute of limitations appear on the face of the petition filed with this court.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
muni2050.156